UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **RONNIE NICHOLSON,** | **CIVIL DOCKET NO. 5:23-CV-00553** |
| **Appellant,** | |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **YASHIKA K. JEFFERSON,** | **MAGISTRATE JUDGE MARK L. HORNSBY** |
| **Appellee.** | |

## MEMORANDUM RULING AND ORDER

Pending before the Court is an APPEAL [Doc.1] (the "Appeal"), brought by Ronnie Nicholson ("Appellant"), appearing *pro se*, from a March 21, 2023, order of the United States Bankruptcy Court for the Western District of Louisiana (the "Bankruptcy Court") granting a Motion to Compel Turnover of Insurance Proceeds (the "Order"). For the following reasons, the Bankruptcy Court's Order is AFFIRMED, and the Appeal is DENIED.

### BACKGROUND

**I.   Facts and Procedural History**

The adversary proceeding underlying this Appeal arises out of the 2019 Chapter 13 bankruptcy filing of Yashika Jefferson ("Debtor"), Case No. 19-10377 (the "Bankruptcy Case").[1] Prior to filing bankruptcy, the Debtor purchased a 2006 Honda Accord (the "Vehicle") from Appellant Ronnie Nicholson at TKR Cash Cars pursuant

---

[1]   Document citations below may reference the docket in the Bankruptcy Case as indicated.

to a financing agreement with the seller.[2] The Debtor also obtained a full coverage insurance policy on the Vehicle that listed TKR Cash Cars as a lienholder.

The Debtor filed for Chapter 13 bankruptcy relief on March 15, 2019, and her Chapter 13 Plan (the "Chapter 13 Plan") was later confirmed by the Bankruptcy Court. [Bankr. Doc. 37, p. 93]. The Chapter 13 Plan listed the Appellant as a fully secured creditor holding a security interest on the Vehicle and, accordingly, provided that Appellant was to be paid the full amount owed with interest. [Bankr. Doc. 37, p. 93]. However, on May 3, 2021 – before the Debtor finished paying the amount due and owing on the Vehicle – the Debtor was involved in an accident, and the Vehicle was deemed a total loss.

At the time of the accident, the Debtor owed the Appellant a remaining balance of $487.73 under the Chapter 13 Plan. [*Id.* at p. 94]. After the accident, the Chapter 13 Plan was modified to provide that the Debtor would surrender the Vehicle to the Appellant and pay the remaining $487.73 owed to him from the insurance proceeds expected from the accident.[3] [Bankr. Doc. 96]. The remainder of the insurance proceeds were to remain with the bankruptcy estate. [*Id.*].

Sometime in March 2022, the Appellant transferred the title of the Vehicle to TKR Cash Cars. Although the Debtor's attorney advised State Farm to send the

---

[2] At all relevant times "TKR Cash Cars" operated as a sole proprietorship owned by Appellant. *See* Transcript of Hearing [Bankr. Doc. 37].

[3] Under the modified Chapter 13 Plan, the entirety of the insurance proceeds from the accident was to go to the Debtor's estate. Once the insurance proceeds were received by the Debtor's estate, the Trustee was to pay the Appellant $487.73.

insurance proceeds to the bankruptcy trustee, State Farm sent the money to the Appellant, taking the position that it was required to send the money to the owner of the Vehicle, which – after the transfer of title – was the Appellant. Thus, the Appellant took possession of the insurance proceeds from the insurer in the amount of $8,747.16. [*Id.* at p. 98].

On January 23, 2023, the Debtor instituted the underlying adversary proceeding, Case No. 23-01002, by filing a Motion to Compel Turnover of Insurance Proceeds, to which the Appellant filed an Objection on February 15, 2023. The Bankruptcy Court held a hearing on March 15, 2023, and on March 21, 2023, the Bankruptcy Court ordered the Appellant to turn over $8,747.16 to the bankruptcy Trustee.[4] [Bankr. Doc. 21].

## II. Issue on Appeal

The Appellant presents one issue for review, namely, whether the Bankruptcy Court erred or abused its discretion in ordering the Appellant to turn over the insurance proceeds to the Chapter 13 Trustee.

## LAW AND ANALYSIS

## I. Jurisdiction

This Court's jurisdiction to hear appeals from orders of the bankruptcy court is conferred by 28 U.S.C. § 158(a)(1), which provides in part that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments,

---

[4] The Bankruptcy Court ordered the Appellant to pay the bankruptcy trustee in the following installments: $2,915.72 within 30 days of the Order; $2,915.72 within 60 days of the Order; and $2,915.72 within 90 days of the Order.

orders and decrees ... [a]n appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a).

## II. Standard of Review

When reviewing the findings of a bankruptcy court, a district court acts in its appellate capacity and applies the same standard of review as does a court of appeals when reviewing a district court's action. *In re Roman Cath. Church of Archdiocese of New Orleans,* 2023 WL 4105655, at *11 (E.D. La. June 21, 2023), *citing In re Glenn*, 900 F.3d 187, 189 (5th Cir. 2018); *In re Perry*, 345 F.3d 303, 308 (5th Cir. 2003). The lower court's findings of fact are reviewed for clear error and conclusions of law are reviewed *de novo. In re Roman Catholic Church*, 2023 WL 4105655, at *11, *citing Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 578 (5th Cir. 2000).

## III. Analysis

### A. Motion to Compel Turnover of Insurance Proceeds

Though difficult to fully ascertain, Appellant argues, generally, that the Bankruptcy Court erred in granting the motion to turnover insurance proceeds and that the Bankruptcy Judge ruled unethically and in violation of law. [Doc. 11, p.5]. The Court disagrees.

Federal bankruptcy law allows a debtor to institute a Chapter 13 case by filing a petition and then following the specific disclosure and procedural requirements set forth in the Bankruptcy Code. Fed. R. Bankr. P. 1007(b). Filing a bankruptcy petition triggers an "automatic stay" on most collection actions against the debtor and any

property of the debtor. The bankruptcy court then appoints a trustee to administer the case and essentially oversee and appropriately distribute the debtor's bankruptcy estate.[5] *See* 11 U.S.C. § 1302; 28 U.S.C. § 586(b).

Governing what property is included in the bankruptcy estate, Section 541 of the Bankruptcy Code provides:

> The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:…all legal or equitable interests of the debtor in property as of the commencement of the case…

11 U.S.C. § 541(a)(1).

Important here, Section 541's definition of estate property also includes "proceeds, product, offspring, rents, or profits of or from the property of the estate…" 11 U.S.C. § 541 (a)(6). Accordingly, the Debtor's ownership of the 2006 Honda Accord at the time of her bankruptcy filing made the Vehicle property of the bankruptcy estate. After the car accident, the bankruptcy estate's property interest in the Vehicle was then vested in the expected insurance proceeds stemming from the property loss claim on the Vehicle.

As discussed above, the Bankruptcy Court confirmed a modified Chapter 13 Plan after the accident, and the Appellant received notice of the revised plan when it was filed in the record. [Bankr. Docs. 96; 37, p. 94]. The modified Chapter 13 Plan provided that the 2006 Honda Accord would be surrendered to the Appellant and that

---

[5] Though a bankruptcy estate is overseen by a trustee, the bankruptcy code provides that, "[e]xcept as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate." 11 U.S.C. § 1306(b).

the trustee would pay him the $487.73 he was still owned from the insurance proceeds. [Bankr. Docs. 96; 37, p. 94]. Under 11 U.S.C. § 1327, the provisions of a confirmed plan bind the debtor and each creditor, and the Bankruptcy Court correctly found that the Appellant's security interest in the insurance proceeds is limited to the value of the post-confirmation secured claim, which totaled $487.73. Thus, by obtaining and keeping the entirety of the insurance proceeds, which were then – and continue to be – lawful property of the bankruptcy estate, the Appellant circumvented the modified Chapter 13 Plan and violated federal bankruptcy law. [*Id.*, p. 95].

Appellant also argues that the insurance proceeds from the wrecked Vehicle rightfully belong to him under Louisiana state law as the automobile's new owner. [Doc. 11, p. 8].[6] However, in *Eagle Pipe and Supply, Inc. v. Amerada Hess Corporation, et al.*, the Louisiana Supreme Court held that the right of action against a tortfeasor for the damage of property classifies as a personal right of action that exists both during the property owner's ownership of the property and after disposal of the property. 2010-2267 (La. 10/25/11), 79 So. 3d 246, 275. Though the Debtor's estate surrendered the vehicle to Appellant, at no time did Debtor's estate assign her

---

[6] More specifically, Appellant relies on Louisiana Revised Statutes 6:965 *et seq.* for the proposition that he is entitled to the proceeds from the Debtor's insurance claim. [Doc. 11 p. 8]. The portion of the law cited by Appellant provides, "[a]fter obtaining possession of the collateral, the secured party may dispose of it in any manner permitted … and may cause the collateral to be retitled." La R.S. 6:966(A)(3). However, the statute also requires that the secured party must account for any surplus to the debtor. *Id.* (providing "receipts from the secured party's disposition of the collateral shall be applied as set forth in R.S. 10:9-601, and the secured party shall be obligated to account to the debtor for any surplus"). Here, the Appellant received the insurance proceeds from the insurer in the amount of $8,747.16. The Debtor's estate owed Appellant only $478.76, which, in any event, was scheduled to be paid to him under the terms of the modified Chapter 13 Plan.

personal right of action against State Farm for the damage to her property. [Bankr. Doc. 37, p. 96].

Ultimately, however, bankruptcy law and the Chapter 13 Plan governs. Section 542(a) of the Bankruptcy Code provides that anyone holding estate property must deliver it to the bankruptcy trustee. The Debtor's estate is the rightful owner of all proceeds from the insurance claim for property damage to the Vehicle. *See, e.g. Bradt v. Woodlawn Auto Workers, F.C.U.*, 757 F.2d 512 (2d Cir. 1985) (applying federal bankruptcy law to uphold bankruptcy court's order that secured creditor turn over insurance company's payments for automobile repairs). Because the insurance proceeds belong to the Debtor's estate, Appellant must promptly return these funds to the Chapter 13 Trustee according to the schedule set forth below and as further directed by the Bankruptcy Court.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that the Bankruptcy Court's Order of March 21, 2023, is AFFIRMED, and the Appellant's APPEAL is DENIED.

IT IS FURTHER ORDERED that the first payment of $2,915.72 shall be made by the Appellant to the Chapter 13 Trustee within five (5) days of this Order.

IT IS FURTHER ORDERED that the next two payments of $2,915.72 shall be made by the Appellant to the Chapter 13 Trustee within thirty (30) and sixty (60) days of this Order, respectively.

IT IS FURTHER ORDERED that this matter is REMANDED to the Bankruptcy Court for enforcement of this Order and such further proceedings as are necessary.

THUS, DONE AND SIGNED in Chambers on this 20th day of September 2023.

                                                  DAVID C. JOSEPH
                                                UNITED STATES DISTRICT JUDGE